United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALCON, | No. C 14-1927 NC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| DR. A. BRIGHT, | |
| Defendant. | |

# INTRODUCTION

Plaintiff Matthew Alcon, a California prisoner incarcerated at the Correctional Training Facility ("CTF"), filed a pro se civil rights action under 42 U.S.C. § 1983 alleging that Defendant CTF Medical Doctor A. Bright has denied him adequate medical care, thereby violating his Eighth Amendment rights. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

# DISCUSSION

**I. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be

1 granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id.

2

at 634.

## II. Claim for Deliberate Indifference to Serious Medical Need

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In the portion of the complaint where the inmate is to write his statement of the claim, Alcon wrote:

> Dr. A. Bright has violated Petitioner's Eighth Amendment Rights by failing to provide me with adequate medical care. Petitioner can demonstrate and establish subjective component for Dr. A. Bright being deliberate indifference [sic] to my medical needs. There is also clear circumstantial evidence. Petitioner Matthew can also demonstrate the objective component that Dr. A. Bright has delayed and ignored my serious medical needs and delayed medical services.

(Compl. at 3.)

Plaintiff's allegations, even liberally construed, are insufficient to state a claim for deliberate indifference to his serious medical needs. First, he does not allege that he has a serious medical need or needs. A "serious" medical need exists if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" See McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104).

Second, the complaint does not allege any facts suggesting that Dr. A. Bright acted with deliberate indifference. A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists," but he "must also draw the inference." Id. "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Toguchi, 391 F.3d at 1058 (citation omitted).  In his amended complaint, Alcon must allege specific facts showing what Dr. A. Bright did or failed to do that amounted to deliberate indifference to his medical needs.

Alcon attaches to his complaint various California Correctional Health Care Services appeals forms, apparently as a way to explain his problem.  The Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one.  It is Plaintiff's obligation to write out a complete statement of his claim in his amended complaint.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend.  If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within **twenty-eight days** from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 14-1927 NC (PR)) and the words AMENDED COMPLAINT on the first page.  **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**  The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.

4

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 8, 2014

NATHANAEL M. COUSINS
United States Magistrate Judge