UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW ALCON,

    Plaintiff,

v.

DR. ANISE ADAMS; et al.,

    Defendants.

No. C 14-1927 SI (pr)

**ORDER**

Plaintiff filed a "motion to reverse defendant's motion for extension of time," in which he argues that defendant should not receive an extension of the deadline to file a dispositive motion and that plaintiff is disadvantaged because he must use regular mail while defendant electronically files his documents. Plaintiff's motion is DENIED. Docket # 21. Initial requests for extensions of the deadline to file dispositive motions are routinely granted in prisoner cases, particularly due to the not uncommon problems with service of process and the fact that dispositive motions, including summary judgment motions, are usually scheduled to be filed just a few months after the defendant is served with process, which is far sooner than most such motions are scheduled in non-prisoner cases. Plaintiff has not shown any persuasive reason why the requested extension of time should not have been granted. There is no legal support for plaintiff's suggestion that defendant should not be allowed to investigate and should be confined to the exhibits plaintiff has provided. *See* Docket # 21 at 1. Plaintiff's motion does make one good point, i.e., that his use of regular mail may result in his opposition to an administrative request not arriving before the court rules on it. The court will wait a few extra days on any

future request for extension of a deadline from defendant to give plaintiff an opportunity to be heard on the request. The court will not, however, require defendant to confine himself to manual filing of documents; defendant may continue to use the court's electronic filing system and mail to plaintiff a paper copy of any document filed.

Plaintiff also filed an objection to defendant's subpoena of his medical records. Docket # 20. Plaintiff did not attach a copy of the subpoena, so the court cannot see to whom it is directed or exactly what is being subpoenaed. Plaintiff's objection to the subpoena is that, if complied with, defendant will have documents to which plaintiff does not have access. That objection is OVERRULED. If plaintiff wants the same documents defendant is subpoenaing, plaintiff can make a request for such documents to prison officials or (if the records are not prison medical records) can subpoena them from the third parties who have the records. Insofar as plaintiff wants the court to disallow access to his medical records in general, that objection is OVERRULED. By suing the defendant for deliberate indifference to his medical needs, plaintiff has placed his medical care at issue in this action. Defendant may subpoena plaintiff's medical records to defend against plaintiff's claim of inadequate medical care. Plaintiff has not shown that the subpoena asks for medical records that are too old or are unrelated to the issues in this case.

IT IS SO ORDERED.

Dated: March 9, 2015

_____
SUSAN ILLSTON
United States District Judge