UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALCON,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. ANISE ADAMS; et al.,<br><br>    Defendants.<br>                                        / | No. C 14-1927 SI (pr)<br><br>**ORDER DENYING MOTION TO QUASH SUBPOENAS AND EXTENDING DEADLINES** |

A.    <u>Plaintiff's Motion To Quash Subpoenas</u>

In his *pro se* amended complaint under 42 U.S.C. § 1983, plaintiff alleged that defendant was deliberately indifferent to his serious medical needs, in violation of plaintiff's Eighth Amendment rights. Plaintiff alleged that defendant failed to adequately treat his fibromyalgia syndrome that, among other things, caused "significant difficulty ambulating." Docket # 10 at 10. He also alleged that defendant referred him to the psychiatry department to determine whether he had a "somatization disorder," sufferers of which "increasingly demand help and emotional support and become enraged when they feel their needs are not being met." *Id.* at 8 & n.4.

This matter is now before the court for resolution of plaintiff's motion to quash two subpoenas issued by defendant. The subpoenas seek (a) plaintiff's prison medical records from January 1, 2009 to the present, and (b) prison mental health records regarding the diagnosis and treatment of symptoms of plaintiff's overall body pain, foot pain, inability to ambulate. Plaintiff argues that the subpoenaes should be quashed because the records have "no bearing on the culpability of defendant," the subpoenas "violate[] plaintiff's privileged right to privacy," and plaintiff has already "provided the court with all pertinate (sic) documents." Docket # 23 at 1.

A party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things. . . ." Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b), i.e., the subpoena may command the production of "nonprivileged" documents which are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Upon a timely motion, the court will quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

A party enjoys privacy rights in his medical records in general. *See Bertram v. Sizelove*, 2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012). The party may waive these privacy rights by placing the medical records' contents at issue in a case. *Smith v. Solano Cnty.,* 2012 WL 3727332, at *1 (E.D. Cal. Aug. 24, 2012); *Bertram*, 2012 WL 273083, at *3. Any waiver, however, is "limited to the private information that is relevant to the lawsuit." *Enwere v. Terman Associates, L.P.*, 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citation omitted).

Plaintiff's three objections to the subpoenas fail. First, the documents sought plainly have a bearing on the culpability of the defendant and plaintiff's entitlement to relief. Plaintiff's amended complaint puts at issue his physical and mental health needs, and defendant's response thereto. Plaintiff's medical and mental health records may shed light on the conditions he suffered from, the treatment he requested, the treatment recommended for him, and the treatment he received. Second, by filing this action asserting claims for inadequate medical care and seeking damages for, among other things, "personal humiliation, emotional and mental anguish," and "suffer[ing] in torturous pain without appropriate assessment and treatment," *id.* at 15, plaintiff has placed at issue the extent of his injuries and therefore waived his privacy rights with respect to his medical and mental health, records. The documents requested in the subpoena are

2

clearly within the proper scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Although plaintiff may disagree that he has a somatization disorder, his mental health is relevant because defendant referred him to the psychiatric department to determine whether he did have such a disorder and staff in the psychiatric department may have written relevant notes. Third, defendant is not required to rely on only those documents that plaintiff has deemed to be relevant. Defendant is entitled to reasonable discovery that will shed light on the nature of plaintiff's alleged injuries and on the sources of those alleged injuries. Finally, plaintiff just filed a copy of a subpoena (Docket # 29) he apparently served requesting the same medical records he seeks to keep away from defendant, thereby undermining the credibility of his argument that the records are irrelevant. Accordingly, the motion to quash the subpoenas is DENIED. Docket # 23.

B. Scheduling

Defendant has filed a request for a second extension of the deadline to file a dispositive motion, supported by a declaration from attorney Harry Gower. Plaintiff has opposed the request in a document labeled as a "second motion for dismissal of defendant's second motion for administrative relief to permit additional time to respond to the complaint." Upon due consideration of the parties' submissions, the court GRANTS defendant's request for the second extension of the deadline (Docket # 27) and DENIES plaintiff's "second motion for dismissal of defendant's second motion for administrative relief to permit additional time to respond to the complaint" (Docket # 28). The court now sets the following new briefing schedule for dispositive motions: Defendant must file and serve his dispositive motion no later than **July 10, 2015**. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **August 7, 2015**. Defendant must file and serve his reply brief (if any) no later than **August 21, 2015**.

Finally, plaintiff has submitted some documents with rather light typewriting, such as the barely readable "motion requesting quash of subpoena" (Docket # 23). Not only is it difficult to read documents with very light handwriting or typewriting, such documents sometimes cannot be successfully scanned electronically. Plaintiff must be certain that the typewriting or

3

1  handwriting on all future filings is dark enough to be read with ease, or the document will be
2  returned to him to fix and resubmit.
3      IT IS SO ORDERED.
4  Dated: April 21, 2015

_____
SUSAN ILLSTON
United States District Judge