UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALCON,<br><br>    Plaintiff,<br><br>    v.<br><br>DARRIN BRIGHT,<br><br>    Defendant. | Case No. 14-cv-01927-SI<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. No. 31 |

Currently before the Court is plaintiff's motion to compel production and delivery of documents under subpoena from the Correctional Training Facility in Soledad, California ("CTF-Soledad"). Having considered the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion to compel but will send him a blank subpoena to obtain his medical records.

**BACKGROUND**

Plaintiff Matthew Alcon, a California prisoner proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983 alleging that defendant, Dr. Darren Bright, was deliberately indifferent to his serious medical needs, thereby violating his Eight Amendment rights.

Plaintiff seeks a copy of his full medical records. He states that, "Plaintiff's effort to acquire relevant documents via established intuitional [sic] procedures, has been met with minimal success." Dkt. No. 35 at 1. Plaintiff further alleges that his "[r]equests for complete documents are not being provided. Requests for missing pages results in Plaintiff receiving duplicates of documents already received without the missing pages. Inquiries as to whether missing pages are omitted by design or due to their unnecessary [sic] go un-answered [sic]." *Id.* Plaintiff signed and

mailed a subpoena, dated April 15, 2015, for production of documents to the CTF-Soledad litigation coordinator. *See* Dkt. No. 31-1. Having received no response, plaintiff brought this motion to compel production and delivery of documents under subpoena. Dkt. No. 31. Defendant opposes the motion on two grounds. First, plaintiff can obtain the records he desires directly from the prison through the Operational Procedure of CTF-Soledad. Dkt. 32 at 2. Second, the subpoena is invalid because it was not signed by an attorney or a clerk of the Court. *Id*. at 1-2.

## DISCUSSION

### I.   Existence of an Alternative Method to Obtain the Records from the Prison

Defendant argues that the motion to compel should be denied because plaintiff can obtain records through the established procedure at CTF-Soledad. *Id.* at 2. An inmate can fill out a form which grants him access to his medical records. Dkt. No. 32-1 ¶ 2, *see* Dkt. No. 32-2. After the request is made, the Health Information Technician II Supervisor will print out and review the documents with the inmate; the inmate may then request copies of desired documents at ten cents per page. Dkt. No. 32-1 ¶¶ 3-4. Defendant contends that the motion to compel should be denied because plaintiff may obtain his medical records directly from the prison using his procedure. Dkt. 32 at 2.

The Court is unpersuaded that the motion should be denied because plaintiff has alternative means to access his medical records. "[I]t is generally not a ground for objection that requested documents are equally available from the requesting party's own records." *Bretana v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *5 (N.D. Cal. Sept. 22, 2008); *see also St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (noting that courts have unambiguously stated that an objection "based on the ground that it seeks information and documents . . . from records which are equally available to the propounding parties" is "insufficient to resist a discovery request.").[1] Furthermore, plaintiff

---

[1] Although the *Bretana* and *St. Paul* courts were not addressing Rule 45 directly, the Court finds their reasoning applicable in this instance because "discovery rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

asserts that he has tried to obtain medical records and other documents through the prison's established procedure described above but has been unsuccessful in obtaining his full medical record. Dkt. 35 at 1. (Although plaintiff may use a subpoena instead of following the established procedure, the prison may require him to pay reasonable photocopy charges for the documents he wants copied).

## II.   The Subpoena is Invalid

Plaintiff filed a copy of a United States District Court subpoena addressed to the CFT-Soledad litigation coordinator, containing the list of items for which he sought production on April 12, 2015. The subpoena has no clerk's signature or other marking indicating that it was issued from this court. *See* Dkt. No. 31-1 at 1. Defendant asserts that the subpoena is invalid because it was neither properly issued by the court nor by an attorney. Dkt. 35 at 2.

The Court finds that the subpoena form filed by plaintiff is in fact defective, pursuant to Federal Rule of Civil Procedure Rule 45. A subpoena requested by a party may issue from the court, signed by a court clerk, or an attorney may issue and sign a subpoena on the court's behalf, if the attorney is authorized to practice before the court. Fed. R. Civ. P. 45(a)(3).[2] The Court cannot compel an individual or entity to act on an invalid subpoena. Accordingly, plaintiff's motion to compel production must be denied.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to compel. Dkt. No. 31.

As a *pro se* litigant, plaintiff needs the Court's Clerk to issue a subpoena. Fed. R. Civ. P. 45(a)(3). Therefore, the Clerk will send to plaintiff a blank records subpoena form for plaintiff to fill out and return to the Court so that the Clerk may issue the subpoena and the Marshal may

---

[2] Plaintiff points to Federal Rule of Civil Procedure 26(g) that a party personally must sign a discovery request if unrepresented. Dkt. 35 at 1. However, a subpoena has its own requirements as provided for under Rule 45.

3

serve it on the subpoenaed party.[3]  Plaintiff shall submit the completed subpoena with the Court by October 13, 2015, together with a brief letter asking that it be served.  The Court will extend the filing deadline for plaintiff's opposition to defendant's motion for summary judgment to November 20, 2015.  Defendant's reply brief shall be filed no later than December 4, 2015.

**IT IS SO ORDERED**.

Dated:  September 18, 2015

_____
SUSAN ILLSTON
United States District Judge

---

[3] Plaintiff needs to fill in all of the necessary information, but must leave the signature line blank so that the Clerk may sign it.